Gaston, J.
 

 It is an undoubted general rule of evidence, that a party to the record is not to be permitted to give evidence in the case. So far as exceptions to this rule have been established, they must be followed; but it is dangerous to introduce new exceptions, because of their evident tendency to break down the rule itself. We find no such exception established as that here contended for by the defendants. There are
 
 Nisi Prius
 
 cases, in which a defendant in an action of
 
 tort,
 
 who has suffered judgment to go by default, has been admitted a witness for the other defendants to prove them not guilty.
 
 Ward
 
 v.
 
 Hayden,
 
 2 Esp. Cas. 552. Case before Baron Wood, cited 2 Camp, (note) 333. Whether these have established the exception in cases of
 
 tort,
 
 is a question, which
 
 *596
 
 will be worthy of consideration, when the determination of ^ kecomes necessary. But no case has yet held, that, in an action upon an alleged contract, a defendant, who has suffered a default, is an admissible witness for the defendants, who deny the contract. Independently of the general rule that excludes such a witness as a party on the record, there seems to us a ground of interest, on which he ought to be excluded. Though offered for the purpose of disproving the liability of the other defendants, and though with us there may be a judgment against one and for others
 
 of alleged joint
 
 contractors, yet, when sworn, he is received to testify to the whole matter embraced in the issue. Under the general issue of
 
 non assumpsit
 
 or
 
 nil
 
 debet, it may be shewn, that the debt or demand has been released, or paid, either in whole or in part. The witness has an interest in establishing such a defence, for, although he has entered no plea, he must have the benefit of a verdict, diminishing the amount of the debt or demand claimed as a joint debt or demand of all the defendants.
 

 The application made to the court, when the jury was about to be empannelled, to permit the defendant, who had not pleaded, to confess a judgment, was addressed to its sound discretion, and we have not the authority to supervise the exercise of that discretion. No objection has been taken to the instructions of the Judge, and no error is seen in them. The judgment must therefore be affirmed.
 

 Per Curiam, Judgment affirmed.